UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IRVING M. ANDREWS,

                                  DECISION

                Plaintiff,            and ORDER


vs.                                 12-CV-6428T


CAROLYN W. COLVIN,

COMMISSIONER OF SOCIAL SECURITY,


                Defendant.

_____


### INTRODUCTION

    Plaintiff, Irving M. Andrews ("Andrews" or "Plaintiff"), brings this action pursuant to the Social Security Act § 216(i) and § 223, seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income alleging disability for the period of time from December 5, 2007.

    On April 26, 2013, the Commissioner moved to dismiss because Plaintiff failed to commence the action within the time required under section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g). Because I find that Plaintiff has not timely filed his Complaint and has not provided any explanation for failing to do so, the Commissioner's motion to dismiss is granted and the Complaint is dismissed.

**<u>Procedural History</u>**

On July 23, 2008, Plaintiff filed an application for Supplemental Security Income under Title II, § 216(i) and § 223 of the Social Security Act, alleging a disability since December 5, 2007. Plaintiff's claim was denied on January 15, 2009. An administrative hearing was conducted on February 11, 2010 before an Administrative Law Judge ("ALJ").

On August 18, 2010, the ALJ issued a Decision finding that Andrews was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 405(g). On May 29, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's Decision the final decision of the Commissioner. The Appeals Council issued a notice to both Plaintiff and Plaintiff's counsel appearing for Plaintiff in the administrative hearing informing them that  Plaintiff's request for review was denied and also explained that Plaintiff had sixty days from the date of receipt of the notice to seek judicial review.  The notice also explained that the date of receipt of the notice was presumed to be within five days of the date of the notice unless Plaintiff could show otherwise.  Plaintiff filed this action *pro se* on August 10, 2012.

## DISCUSSION

The Commissioner moves to dismiss the Complaint on the grounds that it was not timely filed. Plaintiff has not filed any opposition to the motion.

A final decision of the Social Security Administration must be appealed to federal district court within 60 days of the claimant's receipt of notice of the decision. 42 U.S.C. § 405(g). A claimant is presumed to receive notice of the final decision within five days of the date of the Appeals Council notice. 20 C.F.R. §§ 404.901, 416.1401, 422.210(c)(2007); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984). A claimant may rebut this presumption by making a "reasonable showing" that he received the notice later. 20 C.F.R. § 422.210(c)(2007). If a claimant files his or her complaint more than 60 days after receiving the notice of decision, the failure to file a timely complaint may be excused under the doctrine of equitable tolling State of New York v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990) The doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." Torres v. Barnhart, 417 F. 3d 276, 279 (2d Cir. 2005)(citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). If a claimant fails to timely file his or her complaint, and does not demonstrate that the statute of limitations should be

equitably tolled, the complaint is subject to dismissal for lack of subject matter jurisdiction under the Federal Rules of Civil Procedure 12(b)(1). <u>Matsibekker,</u> 738 F.2d at 80.

Here, Plaintiff did not file the Complaint until August 10, 2012, 73 days after the Appeals' Council's May 29, 2012 notice. There is no record that Plaintiff made any request for an extension of time to file a civil action nor is there any information or explanation rebutting the presumption that the notice was received five days after the Appeal's Council's notice date of May 29, 2012. Further, Plaintiff has not identified any circumstances that would support tolling of the sixty day limitations period. He does not provide any evidence that he pursued his rights diligently nor that extraordinary circumstances exist to prevent him from filing his Complaint. The mere fact that a party is proceeding *pro se* and is unfamiliar with the legal process does not merit equitable tolling. <u>Smith v. McGinnis</u>, 208 F.3d 13, 18 (2d Cir. 2000). Therefore, this Court finds that Plaintiff's Complaint was not timely filed, that the statute of limitations should not be equitably tolled and the Complaint must be dismissed.

## <u>CONCLUSION</u>

For the reasons stated above, this Court finds that Plaintiff's Complaint was not timely filed and must be dismissed for lack of jurisdiction. Accordingly, the Court grants Commissioner's motion to

dismiss the Complaint (Dkt. No. 8) and Plaintiff's Complaint (Dkt. No. 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

**S/Michael A. Telesca**

_____

Honorable Michael A. Telesca

United States District Judge

DATED:      September 25, 2013

            Rochester, New York